IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN FERNANDEZ and CONSTANTINO FERNANDEZ on behalf of themselves and other persons similarly situated, known and unknown, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| M & A AUTO SPA, INC. d/b/a RIVERVIEW HAND CAR WASH & DETAIL, METHAL FAKHOURY, individually, and AMTHAL FAKHOURY, individually, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, Juan Fernandez and Constantino Fernandez by and through their attorneys, Becerra Law Group, LLC, for their Complaint against M & A Auto Spa, Inc. d/b/a Riverview Hand Car Wash & Detail, Methal Fakhoury, and Amthal Fakhoury, individually (herein "Defendants"), state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiffs and similarly situated overtime wages for all hours worked over 40 in an individual workweek. (Copies of Plaintiffs' consent forms to act as representative plaintiffs in this collective action under the FLSA are attached hereto as Exhibit A.)

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C.

1

§1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Juan Fernandez resides and is domiciled in this judicial district.

5. Plaintiff Juan Fernandez is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Juan Fernandez handled goods that moved in interstate commerce and performed non-exempt work.

6. Plaintiff Constantino Fernandez resides and is domiciled in this judicial district.

7. Plaintiff Constantino Fernandez is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Constantino Fernandez handled goods that moved in interstate commerce and performed non-exempt work.

8. Defendant M & A Auto Spa, Inc. d/b/a Riverview Hand Car Wash & Detail ("Riverview") is an Illinois corporation doing business within this judicial district. Defendant Riverview is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. Upon information and belief, Defendant Riverview has annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

10. Defendant Riverview was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Defendant Methal Fakhoury is the President of Riverview.

12. Defendant Methal Fakhoury is involved in the day-to-day business operations of Riverview. Among other things, Defendant Methal Fakhoury has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

13. Defendant Methal Fakhoury was Plaintiffs' employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

14. Upon information and belief, Defendant Methal Fakhoury resides in and is domiciled within this judicial district.

15. Defendant Amthal Fakhoury is the Secretary of Riverview.

16. Defendant Amthal Fakhoury is involved in the day-to-day business operations of Riverview. Among other things, Defendant Amthal Fakhoury has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

17. Defendant Amthal Fakhoury was Plaintiffs' employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

18. Upon information and belief, Defendant Amthal Fakhoury resides in and is domiciled within this judicial district.

**FACTUAL ALLEGATIONS**

19. Defendants own and operate a car wash doing business as Riverview Hand Car

Wash & Detail located at 3126 North Clybourn, Chicago, Illinois.

20. Plaintiffs performed a variety of tasks for Defendants' including washing, vacuuming, detailing, and waxing client vehicles.

21. Plaintiffs and similarly situated individuals were paid a sub-minimum hourly wage under the tip-credit provisions of the FLSA and IMWL.

22. Defendants failed to pay Plaintiffs and similarly situated employees overtime wages at a rate of one and one-half times their regular hourly rate.

23. Plaintiffs and similarly situated employees were paid weekly and in cash.

24. Defendants had a practice of writing down the number of hours Plaintiffs and similarly situated employees worked.

25. Plaintiff Juan Fernandez worked for Defendants from 2013 until May 2, 2017.

26. Plaintiff Juan Fernandez often worked six days per week and more than 40 hours per week but was not paid overtime wages.

27. Plaintiff Constantino Fernandez worked for Defendants from 2013 until July 2016.

28. Plaintiff Constantino Fernandez often worked six days per week and more than 40 hours per week but was not paid overtime wages.

## COUNT I

### Violation of the Fair Labor Standards Act - Overtime Wages
(Plaintiffs on behalf of themselves and on behalf of similarly situated employees)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

29. This count arises from Defendants' violation of the Fair Labor Standards Act, 29

4

U.S.C. § 201, *et seq*., for Defendant's failure to pay overtime wages to Plaintiffs.

30. Plaintiffs worked for Defendants and were "employee(s)" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

31. Defendants were Plaintiffs' "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Plaintiffs were directed by Defendants to work, and did work, in excess of 40 hours per week.

34. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

35. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

36. Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

37. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

38. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants failed to pay them overtime wages for work performed in excess of 40 hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A. That this Court determine that this case may be maintained as a collective action under the FLSA;

      B.      A judgment in the amount of one and one-half times for all time Plaintiffs and similarly situated worked in excess of 40 hours per week;

      C.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

      D.      Reasonable attorney fees and costs incurred in filing this action; and

      E.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

39. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

40. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

41. At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendant's "employee(s)" within the meaning of that Act.

42. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

43. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

44. Defendants failed to pay Plaintiffs one and one-half times their regular hourly rate

of pay for time worked in excess of 40 hours per week.

45. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

46. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiffs' regular rate for all time which Plaintiffs worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: May 18, 2018  **JUAN FERNANDEZ AND CONSTANTINO FERNANDEZ**

By: _/s/Carlos G. Becerra
Attorney for Plaintiffs

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com